UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMILCAR JERONIMO MANTAR, (A#235-321-164),

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-06268-TLN-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee represented by counsel who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The action was transferred to this Court on August 7, 2026, ECF No. 5, and referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1). Because Petitioner has already received the custody redetermination hearing requested in his habeas petition, the petition should be denied.

## I. Factual and Procedural History

Petitioner is a native and citizen of Guatemala who entered the United States on or about 2006 without being inspected by immigration officials. He later applied for asylum with U.S. Customs and Immigration Services ("USCIS") and was issued an employment authorization card that is valid until May 27, 2030. ECF No. 1-2 at 5. Immigration and Customs Enforcement ("ICE") detained him on July 20, 2026 while he was a passenger in a vehicle as part of a general immigration enforcement operation conducted in conjunction with the Florida Highway Patrol.

ECF No. 13-1 at 2. On July 21, 2026, he was issued a Notice to Appear ("NTA") in immigration court charging him with being present without being admitted or paroled and not possessing a valid entry document at the time of admission. ECF No. 13-2; see also INA §§ 212(a)(6)(A)(i); 212 (a)(7)(A)(i)(I). He has no criminal record and is not subject to an administratively final order of removal.

Petitioner filed the pending § 2241 petition on July 29, 2026, challenging his immigration detention on three separate grounds. ECF No. 1. First, Petitioner asserts that he is entitled to a bond hearing as a class member of Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025). ECF No. 1 at 8-10. Next, Petitioner contends that his Fifth Amendment right to due process was violated by denying him an individualized bond hearing. ECF No. 1 at 10. Finally, Petitioner submits that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 10-11.

After filing this action in another judicial district, Petitioner was transferred to the California City Detention Facility located in this judicial district. See ECF No. 6 (order transferring § 2241 petition to this district).

In their answer to the petition, Respondents agrees that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), entitling him to a bond hearing before an immigration judge ("IJ"). ECF No. 13 at 3. Respondents indicate that Petitioner has a bond hearing scheduled and that, as a result, his petition should be dismissed. ECF No. 13-4 (Notice of Custody Redetermination Hearing in Immigration Proceedings). Respondents submitted a status report indicating that Petitioner received a custody redetermination hearing on August 24, 2026 and that the IJ denied him bond, finding him to be a flight risk. ECF No. 14-1 at 1.

Petitioner did not file a reply and the time to do so has expired. Therefore, this matter is deemed submitted on the pleadings.

**II. Statutory Detention Authority**

The parties in this case agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) which "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th

Cir. 2022). When a noncitizen is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. See 8 C.F.R. § 236.1(c)(8). After this initial custody determination, the noncitizen may request a bond redetermination by an IJ. 8 C.F.R. § 236.1(d)(1). For each subsequent bond redetermination, the noncitizen's request may be considered "only upon a showing that the [noncitizen]'s circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The IJ's bond decision is appealable to the Board of Immigration Appeals ("BIA") pursuant to 8 C.F.R. § 1003.19(f).

**III. Analysis**

Petitioner challenges his immigration detention without an individualized custody review based on 8 U.S.C. § 1226(a). However, the record demonstrates that Petitioner was provided a bond redetermination hearing before an IJ on August 24, 2026. Petitioner did not file a reply brief presenting another basis for ruling on this matter. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1211-12 (9th Cir. 2022); Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). For these reasons, the undersigned recommends denying Petitioner's § 2241 application as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as moot.

2. The Clerk of Court be directed to enter judgment for respondents and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE